May it please the court, I'm Austin Thompson, attorney for the appellate, Paul Casillas in this matter. Would the court care for a brief recitation of the facts of this matter? I think we're all pretty familiar with it. We've all studied it. Then I'll begin with the issue presented to this court today, is whether the district court properly concluded that the appellate's prior conviction for a violation of code Let me ask you a question about it. There's no question you win on categorical, because we've already decided that in one of our precedents. So all there really is to the case is the modified categorical approach under Taylor. I look at Shepard, the Supreme Court case, and a couple of our cases, Cesare's, Bravo, and Hernandez-Hernandez, and they say we can use the plea colloquy in the context. This case, I read the plea colloquy, and it looks like it's real clear. This wasn't mere transportation in the sense of some kid driving his stash from home to college. This was possession of methamphetamine for sale, and he admitted it. So why doesn't he get the adjustment under the modified categorical approach in our precedents? Well, respectfully, Your Honor, I disagree. Explain why. Educate me. Well, I disagree that it's clear that it's a possession for sale, as the government would contend. In fact, all the documents in this case clearly state that it's a conviction for 11379, section of the Health and Safety Code, which does not prohibit possession for sale and is not defined as such. That's 11378. Well, here's what consistency is there between the number of the statute and the verbal description of what he committed. The judge says it's possession of methamphetamine for sale, but the number that he wrote down is for a different code section. Respectfully, Your Honor, he says both, and he's not the only one that wrote that. He said both what? He said both that it's possession for sale at one point during the plea colloquy later, but first has Mr. Casillas plead no contest to 11379, sales of methamphetamine, which actually is only part of the generic terminology of that code. Okay. They amend the indictment by interlineation, the charging document, whatever it is. They amend it by interlineation. They write in possession of methamphetamine for sale, right? Right. And they ask the guy what you're pleading guilty to. He says possession for methamphetamine for sale, right? With me so far? Yes. But he writes down the wrong code section. He writes down the section that doesn't cover possession of methamphetamine for sale. Well, whether or not it's the wrong code section, Your Honor – I'm just trying to get a picture of what occurred. Is that what happened? He wrote down the 11379 code section, and then Mr. Casillas is sentenced under that code section. Had it been what the judge in the state court described it as, methamphetamine for sale, Mr. Casillas would have faced a lesser sentence. The fact that he was sentenced under the 11379, which carries a greater sentence and was thus exposed to a greater sentence upon a violation of the probation imposed, means that Mr. Casillas thereby took his burden on. Did Mr. Casillas ever appeal that? I don't believe so, no. What was he originally charged under? The information in this, and if I may back up, this court has warned that the modified categorical approach is one to be used only in a narrow range of cases and that the documents must meet a rigorous standard. This information, the charging document at issue, cannot meet that standard. And the burden is squarely on the government in establishing clear and unequivocal, the clear and unequivocal nature of the prior conviction. Counsel? Yes, Your Honor. What I'm looking at is page 8 of the plea colloquy. I think it's excerpts of record page, government excerpts, page 39, at line 7. And the judge says in the old case, this is a methamphetamine case, always has been a methamphetamine case as far as I know, but the district attorney charged you with possession for sale of marijuana. You understand you're pleading to possession for sale of methamphetamine, and he's amending the information on its face to reflect that. The defendant, yes. That's where I got my idea that it wasn't equivocal, it was unequivocal. I don't know if you follow the cases of the judges that are on your panel, but I'm kind of wary of excessively expanding the modified categorical approach myself. But here I don't see what the problem is, except for what looks like just a careless error in the number, 11-378, 11-379. But it's water over the dam. He's pleaded to what he pleaded, and he says he sold. Well, it's careless error to be sure, Your Honor. And the error is furthered by the prosecutor who assents to the amendment of the information by simply stating, yeah. But why does it matter? The guy says he was pleading to possession for sale of methamphetamine. The judge also noted that the amendment to the first count in the information from 11-359 involving marijuana for sale to 11-379 means an increase in the possible sentence. Had the judge intended to make it a 11-378, possession of methamphetamine for sale, that would not have increased the sentence. So I think there's indications on either side. And I think it would be unfair or improper for the government. Did 11-379 increase the sentence in his case? It did, Your Honor, to a minimum sentence. So why isn't it all done then? Because that was the time for him to raise the error. He could have said, no, Your Honor, 11-378. He could have appealed. And he could have petitioned for post-conviction relief and said it in that case, the earlier case. Well, simply, I would say, Your Honor, at the time of the plea colloquy, the defendant here is obviously confused, but more to the point, he's concerned only with the sentence that he'll receive. And as far as it will affect his license or the monetary value of the fine or whether or not he can receive sheriff's parole and the like, I think as long as we're using the modified categorical approach, the court should then look to the state pre-sentence report or the probation report, which is Exhibit K in our excerpts of the record, in that because the only possible factual basis for the defendant or the appellate to file a plea here is outlined in the facts stated in that report. Notably, on page four, it says that the methamphetamine found between the two front seats of the vehicle was located in a single bag. Also, the appellate ---- I'm sorry. What page are you reading from? I'm reading from page four of excerpts of the record, Exhibit K. I'm at K. I'm having trouble finding pagination, but I should turn to the page four description of present offense, offense summary. Is that where you are? Yes. Okay. In that offense summary, it says, again, that the methamphetamine found in the vehicle was located in a single bag. It also states that appellant had used methamphetamine regularly since age 17. And perhaps more importantly, the report does not have any facts supporting a possession for sale theory. What about the quantity? Was it 25 grams? There's no opinion either way and no expert opinion anyway to cause an assumption, which is all that it would be, that this was a possession for sale. There are no payo sheets located, no scales or any other indicia providing a basis to say this was an offense. So your idea is it's possession of methamphetamine for personal use, not for sale? I think that's the only conclusion that this Court can draw. Is that what the difference is between 378 and 379? Yes, Your Honor. And again. For use, not sale is a huge difference. I'm sorry? For use and not sale is a huge difference. Yes, it is. I have no idea how much meth one uses if one uses meth. And there's no indication anywhere in the record before the district court and before this Court today which would help, Your Honor, with that analysis. So why would the guy have said he was pleading for sale? Well, I'm not sure you're quite what you say is right, but it's not a full statement. 379, under which he's convicted according to the document of conviction, does not say possession for personal use or possession for use. It's every person who transports, imports into this state, sells, furnished or administered, offers to import. I mean, that's the statute. That's exactly right, Your Honor. So it's not a statute that says possession for use. Now, it could be that you are possessing it for your use, but that's not the prohibition in the statute. And that's not what he had been convicted of even under your theory of the case. Your Honor, my theory of the case is only based on my theory of the case is that he was convicted of violating Section 11379. Correct. And I'm just trying to read to you from that section. And I appreciate it, Your Honor. Thus, the only possible conclusion that any of us can make is that it was a transportation of the methamphetamine. Which he clearly was, even according to this. I mean, yeah, it's found in the car. He's driving the car. He's transporting it. Okay. And that, as noted in Navidad-Marcos and many of the other cases, is part of the conduct which is not prescribed by the federal rules in enhancing sentence. Counsel, your time is up, but keep notes anyway. We may give you 30 seconds or so for rebuttal. Thank you. Good afternoon. May it please the Court. My name is Shashi Kevalramani. I'm an assistant United States attorney, and I'm here on behalf of the United States. I think the Court has cut to the issue, which is the district court here was required to look at a certain narrow set of documents in order to determine whether this was an appropriate conviction that would sustain. Could you tell us why he shouldn't skate on this, at least relatively speaking, because of that careless error by the prosecutor? 379 instead of 378. Well, the plea colloquy clearly sets out what the defendant pleaded to, and this was with the assistance of his counsel. When asked whether he was pleading to possession of sale for methamphetamine, the defendant conferred with his attorney, and in response to the state district judge's question, answered yes. The state district judge further went on and clarified to the defendant, to a violation of 11379 of the Health and Safety Code as charged in the newly amended information, how do you plead? The defendant pleaded no contest. The Court further stated, the state district court, you understand if you plead no contest, I'm going to find you guilty. The defendant responded yes. Now, the reason to read that plea colloquy, but the district judge is primarily interested in correcting, is from marijuana for sale to methamphetamine for sale. He says this has always been a methamphetamine case. His emphasis was not on possession for sale. His emphasis was on the distinction between marijuana and meth. That is correct, Your Honor. So he wasn't focusing really on 78, 79 for sale or whatever. He was focusing on the difference between marijuana and meth. But in both instances, Your Honor, it was for sale. Well, I understand that, too. And the court further went on, the state district court further went on to say that the court accepts the plea, finds the defendant guilty, finds the plea to be freely and voluntarily made, the waiver of rights to be knowing and intelligent, and finds that there is a factual basis based on the court's own review of the file. What's the basis for that factual basis finding? As far as from the plea colloquy, it would be the defendant's admission. Well, it was a no contest plea, so he didn't admit anything, right? Technically. Well, technically is what we're talking about. Yes, Your Honor. So technically he didn't admit anything. So, well, I suppose from the court's review of the file, you could look at the probation report maybe or the booking slip or whatever he had. He had some kind of police record there. The court may have been, the district court here below, may have been able to look at that however based on the case law. And there's no reference, pardon me, but there's no reference in these documents to the possession being for sale. It just simply says they found in the seat in the center console 25.67 grams of methamphetamine. Yes, Your Honor, and that was stated in the state court probation report. As the Ninth Circuit has told the district judges in this circuit, there's only a certain set of documents which the district court can look to. Well, did the district judge look at anything then? Can you point to anything that he looked to to discern that this was for sale? Did the state district judge or the federal district judge? The state court judge. When he found a factual basis, did he have anything to look at? Because it was a no contest plea. You can't take what the defendant says. Well, it's unclear whether the state district judge looked at anything else other than his own mention that he looked at the file. And even though it was a no contest plea, it was in response to a factual recitation, albeit brief. I understand that the state judge had a police report or some kind of hold slip or something like that. That's how the judge knew that we were talking about methamphetamine and not marijuana. There is an indication that the state district judge was looking at some sort of a folder cover that would have indicated the type of narcotic. Of course, that's not available for us. We don't seem to have that. Well, we don't, Your Honor. And also, the district judge here was required and could only look at a narrow set of documents, which the Supreme Court has set forth in Shepard and this court has adopted in various cases, which are plea colloquy, the charging document. And I'm just suggesting that when you say the state judge found a factual basis for this no contest plea, it doesn't really cut a lot of ice if we don't have the documents he looked at and we, because it's a no contest plea, can't take the defendant's admission. I'm sorry. I'm confused, Your Honor. Okay. Is there some law? If he said I'm guilty, I possess methamphetamine in order to sell it, that's easy. Is there some precedent that tells us what to do when a person has pleaded no contest to possessing a drug for sale? I'm unaware of that, Your Honor, but I can look at that and get back to the Court if there is any case, are there any cases that have specifically addressed the situation in a no context, no contest. Can you turn with me to the actual information in state court? It's at tab J, the first page there. There may be elsewhere, but you can find it in tab J. Yes, Your Honor. And I think this is the judge's handwriting both in the margin and in the text. In the margin it says amended on face and he writes in 11-11379 because what had been written in typewriting was 11359. And then he does methamphetamine for sale. So the judge writes in 79. That's in the judge's handwriting? I believe so, Your Honor. And the judge also writes methamphetamine for sale. Now, one of those is right and one of those is wrong, correct? Not necessarily, Your Honor. Well, how can it possibly be the case that he is convicted under 11379, which you're saying he's not, but also convicted for possessing methamphetamine for sale, which you say he is? Possession can be within transportation. And as set forth in the brief, there is a California Supreme Court. But 1179 says nothing about possession for sale, correct? In those terms, no. That's correct, Your Honor. Well, I'm stuck with the words. I mean, that's what we're dealing with. So as I see it, the judge has written down two things that are incompatible. He's written down 11379 and he's written down methamphetamine for sale. Now, maybe methamphetamine for sale doesn't mean possession of methamphetamine for sale. Maybe it means sale of methamphetamine. Could it mean that? Well, Your Honor, reading again, the information says it did possess methamphetamine for sale. So it's possessed marijuana for sale. Oh, I see what you're saying. So he crosses out marijuana for sale and puts in methamphetamine for sale. But we're back to the same problem, which is to say possession of methamphetamine for sale is not prohibited under 1779, correct? It could be. What do you mean it could be? It could be if the possession is part of the transportation. So you're saying he is actually convicted under 1779. Is that right? Based on the record that the district court was required to look at, he was convicted for 11379. And so that's what the district court is restricted to, the particular types of documents that the Supreme Court and this Court has noted. It's a plea colloquy, a charging document, or other facts to which the defendant has assented to. But 1778 is possession of drugs for sale, right? Yes, Your Honor. He was not charged under 378. He was not. He's charged with 379, which is another kettle of fish, right? Not necessarily, because you can be convicted under two separate statutes for the same type of activity. Right, but he was convicted under only one of the two. And you're saying he was convicted under 1779? That's what the record reflects. Do you have a California case that says you can interpret 379 to cover possession for sale? Not directly, Your Honor. However, as cited in the United States brief, People v. Rogers in the footnote provides that in certain situations where the possession is the only possession that is charged is essentially the same as the transportation, such that there's no separate possession before or after the transportation. The California Supreme Court stated that the conviction for transportation of the drug, if the possession is one and the same, will not then be able to support a separate conviction charge. So in certain circumstances, possession and transportation can't be charged separately. That means you have a double punishment problem there. You can't charge somebody with possession for sale and for transportation based on the same conduct. If the possessions are – you can charge somebody with straight possession for sale under 379? I don't, Your Honor. No. But, again, the district court was limited to the plea colloquy, and from that could unequivocally find that the defendant committed the type of crime that was – But that was what the district judge said. It's not what the defendant said in the plea colloquy. But the defendant, in a sense, by pleading no contest, did not challenge the veracity of the facts that were put forward by the state district judge. And what were the facts? That's the problem. There are no facts. Very short facts. There are no facts. Well, it was more of a conclusion. Exactly. But that's what we were left with. We have – we've got two things by the state judge. He says possession of methamphetamine for sale, and he handwrites in 11379. 11379 would be transports, which is what the guy was doing, or then a bunch of things that nobody suggests he did, imports, sells, furnishers, administers or offers to import, sell, furnish, administer, give away. So it looks like if they wanted to charge him with 379, they've got a solid case. He's got methamphetamine in his car. He's transporting. Why not interpret it by the number, which is more favorable to him, instead of the words, which require a different number and are less favorable to him, since we know we've got an error on one or the other? I'm over time, Your Honor, if I may answer. Could you answer anyway? Yes, Your Honor. And that is, under the modified categorical approach, the district court was required to look at the underlying facts because the statute merely by number does not qualify. And so the facts, the underlying facts are that they just found it in his possession. There's no evidence that he possessed it for sale. There's no of a ---- They found 25 grams in a console. That's all it says. That was in the probation report. Again, Your Honor, the district court was here, was limited to the type of evidence. Did he ask him, are you possessing this for sale? The state district judge, Your Honor? Yeah. It's not there. It's not in the record, Your Honor. No. Okay. That would sort of solve the NOLO problem, since he doesn't admit anything. You know, ordinarily, you read a colloquy, a person admits what he did, but he didn't admit anything here. Just stipulated to take the punishment. Or didn't contest the facts that were said, or at least the conclusion that was put forward. NOLO means you don't admit anything. Correct, Your Honor. Thank you. I guess that's it. Thank you, counsel. Counsel, if you want to take 30 seconds, go ahead. Thank you, Your Honor. I think whether or not he pled guilty or no contest, the fact is that he was convicted under 11379 and faced, again, the minimum exposure upon a violation of his probation of two years, rather than the 16 months as defined by the sentence under 11378. I can see why the prosecutor didn't object to 79, because it's a slightly higher punishment. Okay. I'm not sure it's a mistake at all on the prosecutor's part. And the facts support, really, the only facts before the court supported a transportation theory which would be punishable under 11379. And so it's unfair and, I think, improper for the government or the district court or even this court to posit the intention of the judge to have it mean 11379 or possibly this description. Thank you, counsel. Thank you. United States v. Casillas is submitted.
judges: Kleinfeld, Silverman, Fletcher